28 C.C.P.A. (Patents)

In re NEWTON et al.

Patent Appeal. No. 4359.

Court of Customs and Patent Appeals.

Dec. 9, 1940.

Norbert E. Birch, of Washington, D. C. (R. G. Story, of Beacon, N. Y., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 7, inclusive, in appellants' application for a patent for an alleged invention relating to a process for deodorizing edible oils.

Claims 1 and 4 are illustrative of the appealed claims. They read:

"1. The method of treating oil which comprises passing a gaseous medium in the form of small bubbles therethrough."

"4. The method of treating oil which comprises passing a gaseous medium into a body of such oil to form bubbles, breaking up the bubbles into small bubbles and passing said gaseous medium through such oil while such gaseous medium is in the form of small bubbles substantially 0.01 cc. or less in size."

The references are:

Cassidy, 1,582,899, May 4, 1926.

Gavett, 1,969,644, Aug. 7, 1934.

As will be observed from the quoted claims, appellants' process comprises the passing of a gaseous medium—steam—in the form of small bubbles through the body of edible oil. The purpose of the process is to remove volatile impurities from the oil.

Appealed claim 1 merely calls for the passing of a gaseous medium in the form of small bubbles through the oil.

In appealed claim 4 it is stated that the bubbles of a gaseous medium are broken up into smaller bubbles "substantially 0.01 cc. or less in size" and passed through the oil.

It appears from appellants' application that their process is carried out by means of an apparatus which comprises a tank having an inverted cone-shaped passage therein. Within the cone-shaped passage is a series of perforated disks mounted on a rotatable shaft. The oil is drawn into the bottom of the tank by means of a vacuum maintained through a line leading from the top of the tank. After the oil has been drawn into the tank, steam, which is admitted into the bottom of the tank, passes upwardly through the oil. The steam and the volatile odoriferous impurities are drawn off at the top of the tank by an atmospheric condenser. It is stated in appellants' application that as the steam passes upwardly in the cone-shaped passage the perforated disks therein "are rapidly rotated and serve to break up the steam into finely dispersed bubbles, thus greatly increasing the effective surface of the steam bubbles in proportion to steam volume. The smaller bubbles thus formed arise more slowly through the oil and make the surface available for a longer period of time."

The patent to Cassidy relates to an apparatus for treating oils, and discloses a structure wherein steam is passed through the oil for the purpose of removing volatile impurities. The patentee's apparatus comprises a tank having a conical baffle surrounding a series of tubes. Each tube is provided with a nozzle at its lower end through which steam is injected. The oil to be treated enters the tank at the top, and the steam, which is introduced into the tank through openings at the bottom, is injected by the nozzles at the lower ends of the tubes upwardly and mixed with the oil in the tubes. The patentee states that the "gaseous medium [steam] issues from the nozzles * * * with increased velocity and causes the oil to be injected through the tubes * * *. Here the oil and gaseous medium [steam] are thoroughly mingled and are subjected to considerable scrubbing action by virtue of the extended tube surface afforded. The mixture leaves the tubes at considerable velocity and partially owing to the fact that the mixture of oil and gas or steam is considerably lighter than the rest of the oil, ascends the space enclosed by the baffle * * *, passing through the screens * * * [in the conical baffle], where it is more intimately mixed."

The patent to Gavett relates to the "aeration of fluids." The patentee states that, although his invention relates particularly to the "introduction of air into a liquid or semi-liquid mass, such as sewage, for example, and as a matter of convenience is described as an improvement in aeration, it will nevertheless be understood that the invention is capable of realization wherever it is desired to introduce *either air or any other gaseous substance into a fluid, and more particularly into a liquid*." (Italics ours.) The patentee further states that in the areation of "liquids" it will be understood that efficiency depends "largely upon the emission of the air or gas into the fluid *in a state of subdivision as minute as practicable, due regard being had to the character of the fluid,* [and] *the character of the gaseous body* * * *. The subdivisions of the air, as will be understood, *take the form of minute bubbles in the liquid and that solution proceeds generally in a measure determined by the minuteness of the bubbles.* Experience has shown that it is difficult to form bubbles smaller than a certain minimum size, that the normal size of the bubbles, under given conditions, is de-

termined by the surface tension, and that larger bubbles sometimes tend to subdivide while smaller bubbles sometimes tend to coalesce." (Italics ours.)

The Primary Examiner was of opinion that, although there is no statement in the patent to Cassidy that the steam is in the form of small bubbles, the screens in the conical baffle in the Cassidy apparatus break up the bubbles of steam into smaller bubbles, and, therefore, perform the same function as the perforated disks in appellants' device. With regard to the size of the bubbles, the examiner stated that the appealed "claims are regarded as attempting to distinguish over Cassidy merely in a matter of degree, i. e., of the size of bubbles of the gas, and not in a real difference in operation, and furthermore the distinction which is defined, is regarded as being amply taught in the references, and would be obvious to the skilled chemical engineer operating the Cassidy process."

The Primary Examiner called attention to the fact that the patent to Gavett taught that in treating a fluid or liquid with a gaseous substance the efficiency of the operation was dependent upon the emission of the gas into the fluid or liquid in as minute a subdivision as practicable; that is, in the form of minute bubbles.

The examiner also rejected claims 3, 5, and 6 on the patent to Cassidy alone.

The Board of Appeals concurred in the views expressed by the Primary Examiner, and stated in its decision that, although it might involve invention to devise a structure, such as that disclosed in appellants' application, by which bubbles of large size could be broken up into bubbles of minute size, the process defined by the appealed claims was not patentable over the references of record.

Although it is true, as argued by counsel for appellants, that the patent to Gavett does not specifically refer to the passing of a gaseous substance, such as steam, through oil, the patentee teaches, nevertheless, that in the treatment of fluids or liquids the gaseous substance should be in the form of minute bubbles. Furthermore, we think it is clear from the patent to Cassidy, as stated by each of the tribunals of the Patent Office, that the gaseous bubbles entering the oil in the Cassidy apparatus are broken up into more minute bubbles by the screens in the conical baffle.

It may be that the gaseous bubbles produced by appellants' apparatus, stated in appealed claims 2, 4, and 7 to be "substantially 0.01 cc. or less in size," are smaller than the bubbles produced by the Cassidy apparatus and that it required the exercise of the inventive faculties to produce appellants' apparatus. We are of opinion, however, that it would not involve invention, in view of the references of record, to pass bubbles of the size produced by appellants' apparatus through edible oil in the manner and for the purpose disclosed in the patent to Cassidy.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.